1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8
ISABEL TUBACH,                      CASE NO.    1:12-cv-21-LJO-MJS (PC)
9
10              Plaintiff,          FINDINGS   AND   RECOMMENDATIONS
                                    RECOMMENDING DENIAL OF PLAINTIFF'S
11                                  MOTION TO PROCEED IFP PURSUANT TO
        v.                          SECTION   1915(g)   AND   DISMISSING
12                                  ACTION WITH PREJUDICE AS BARRED BY
                                    RES JUDICATA
13  LYDIA HENSE, et. al.,
                                    (ECF Nos. 1 & 2)
14
                Defendants.         OBJECTIONS DUE WITHIN THIRTY
15
16  _____/

17          Plaintiff Isabel Tubach ("Plaintiff") is a state prisoner proceeding pro se in this civil

18  rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion to proceed in forma

19  pauperis.  (ECF No. 2.)

20  **I.      THREE STRIKES**

21          A review of the record of actions filed by Plaintiff in the United States District Court

22  reveals that she has  filed **over 150 actions and appeals**, and at least three actions have

23  been dismissed as frivolous, malicious or for failing to state a claim upon which relief may

24  be granted.  Section 1915 of Title 28 of the United States Code governs proceedings in

25  forma pauperis. Section 1915(g) provides that:

26          [i]n no event shall a prisoner bring a civil action . . . under this section if the
            prisoner has, on 3 or more prior occasions, while incarcerated or detained
27          in any facility, brought an action or appeal in a court of the United States that
            was dismissed on the grounds that it is frivolous, malicious, or fails to state
28          a claim upon which relief may be granted, unless the prisoner is under
            imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has three prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983.  Those cases are: 1) Tubach v. Gomez, 1:97-cv-05549-OWW-DLB (dismissed as frivolous on October 17, 1997); 2) Tubach v. Farmon, 1:96-cv-05551-REC-SMS (dismissed as frivolous on February 24, 1998); and 3) Tubach v. Rilly, 1:98-cv-05603-REC-HGB (dismissed as frivolous on March 12, 1999).

It appears to the Court that Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on December 16, 2011.  Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless she was, at the time the Complaint was filed, under imminent danger of serious physical injury.

## II.    RES JUDICATA

### A.    Legal Standard

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit...."  Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 553 (9th Cir. 2003) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ.,

[1] "This subdivision is commonly known as the 'three strikes' provision.  'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.'  Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews v. King, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1  465 U.S. 75, 77 n.1 (1984)); see Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708,
2  713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised
3  or could have been raised' in a previous lawsuit.").  "The elements necessary to establish
4  res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity
5  between parties.'"  Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres.
6  Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).  "[I]f
7  a court is on notice that it has previously decided the issue presented, the court may
8  dismiss the action sua sponte, even though the defense has not been raised," Arizona v.
9  California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be
10  heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055.  Generally a person who is
11  not a party to an action is not entitled to the benefits of res judicata.  However, where "two
12  parties are so closely aligned in interest that one is the virtual representative of the other,
13  a claim by or against one will serve to bar the same claim by or against the other."
14  Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).  "There is privity between
15  officers of the same government so that a judgment in a suit between a party and a
16  representative of the United States is res judicata in re-litigation of the same issue between
17  that party and another officer of the government." Sunshine Anthracite Coal Co. v. Adkins,
18  310 U.S. 381, 402-03 (1940).

19            2.    Analysis

20            After careful review of the record, the Court finds that this action is barred by res
21  judicata in that it asserts  allegations that are the same as those previously brought and
22  disposed of in n, Tubach v. Brown et al., 1:11-cv-1476-LJO-MJS, 2011 WI 4709886, at *1
23  (October 4, 2011).

24            a.    Identity of Claims

25            "Whether two events are part of the same transaction or series depends on whether
26  they are related to the same set of facts and whether they could conveniently be tried
27  together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).  In applying the
28  transaction test, the Court examines the following criteria:

1
2
3

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

4
5

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

6
7
8

Plaintiff is housed at Central California Women's Facility. (Compl., ECF No. 1.) Plaintiff has named the following individuals as Defendants: 1) Lydia Hense, Warden of Central California Women's Facility, and 2) Hernandez, a nurse. (Id.)

9

Plaintiff alleges as follow:

10
11
12
13
14
15
16
17
18
19
20
21

Plaintiff alleges that the named Defendants are in a conspiracy with correctional officer ("C/O") Guzman. (Compl. at 4; 16.) Defendant Hense was in a conspiracy with C/O Guzman and Defendant Hernandez was working for C/O Guzman. (Id. at 3, 16.) C/O Guzman has power over Defendant Hense and is running the prison. (Compl. at 4.) C/O Guzman had the doctors stop providing Plaintiff with certain medications, even though she has cancer in her leg and it has spread. (Id.) C/O Guzman has orgies in the unit where Plaintiff is housed, and has his sex partners, C/Os Grey, Cadsap, and Gutierrez, put acid on and poison in Plaintiff. (Id. at 5.) C/O Guzman has also been allowed to choose Plaintiff's roommates, and these roommates caused Plaintiff to have a heart attack. (Id.) Plaintiff asked Defendant Hense to move her, but instead Defendant Hense put poison in Plaintiff's nose and caused another heart attack. (Id.) Other individuals are also torturing Plaintiff. (Id. at 8.) Defendant Guzman is a monster. (Id. at 9.)

22
23
24
25

Prior to filing the Complaint in the instant case, Plaintiff filed Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS, 2011 WL 4709886, at *1. In that action Plaintiff also named Defendant Guzman, and others at Central California Women's Facility as defendants. Id. As in this action, Plaintiff alleged that C/O Guzman is trying to poison and harm her. Id.

26
27
28

Based on the above comparison of Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS and this current action, the Court finds that both actions stem from the same series of events and could conveniently been tied together. See Western Sys., Inc. V. Ulloa, 958

F.2d 864, 871 (9th Cir. 1992.)

b.    Final Judgement on the Merits

On November 21, 2011, the Court in Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS, 2011 WL 4709886 adopted the findings and recommendation, recommending that the action be dismissed for failure to state a claim. Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS, 2011 WL 4709886 at ECF No. 7 (Findings and Recommendation); ECF No. 11 (Order adopting Findings and Recommendation). "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981)." Stewart v. U.S. Bancorp, 297 F.3d 953 (9th Cir. 2002). The Court finds that Plaintiff's claims in the prior action were dismissed on the merits.

c.    Privity Between Parties

The Defendants in the current action, Tubach v.Guzman, et al., 1:12-cv-21-LJO-MJS, are in privity with the defendants in Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS. Plaintiff names C/O Guzman as a defendant in the original action, and as a co-conspirator in this action. See Tubach v.Hense, et al., 1:11-cv-1476-LJO-MJS, Tubach v. Brown, et al., 1:-12-cv-21-LJO-MJS. Conspiracy has been deemed a ground for privity in other contexts. See White v. Abrams, 495 F.2d 724, 733 (9th Cir. 1974), abrogated on other grounds by Hollinger v. Titan Capital Corp., 914 F.2d 1564 (9th Cir. 1990).

In addition, Plaintiff is at Central California Women's Facility, and was there when she filed the complaint in this current action. See Tubach v.Hense, et al., 1:12-cv-21-LJO-MJS. All of the allegations occurred at Central California Women's Facility and all of the Defendants appear to be staff members at Central California Women's Facility. Id. All of the allegations in Plaintiff's prior action also occurred at Central California Women's Facility, and most of the defendants in that action also appear to have been staff members at Central California Women's Facility. See Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS-cv-00565.

Accordingly, the Defendants in this action appear to be in privity with the parties

named in Plaintiff's prior action.

## IV.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS the following:

1.      Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2), filed December 16, 2011, be DENIED pursuant to 28 U.S.C. § 1915(g); and

2.      That this action be DISMISSED with prejudice, as barred by res judiciata.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 28, 2012          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE